**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| BRENT R. RICE on behalf of A.R., J.R., and B.R., | Civil No. 10-2002 (JRT/FLN) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER REMANDING CASE** |
| CAROLINE M. RICE, | |
| Respondent. | |

Brent R. Rice, 585 Sunny Shadows, Excelsior, MN 55321, petitioner *pro se*.

Caroline M. Rice, 57198 Caledonia Street, Calumet, MI 49913-3026, respondent *pro se*.

On May 7, 2010, respondent Caroline M. Rice filed a notice of removal of the instant action to federal court. The Court has reviewed the petition and the notice of removal sua sponte to determine whether the matter was properly removed. Pursuant to 28 U.S.C. § 1447(c), the Court remands the case to state court for lack of subject matter jurisdiction. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066-67 (8th Cir. 2000).

## BACKGROUND

On February 10, 2009, Brent R. Rice filed an affidavit and petition for an order for protection in Carver County District Court, naming Caroline M. Rice as respondent.

(Pet'r's Aff. & Pet. for Order for Protection at 1, Notice of Removal Ex. 1, Docket No. 1.) The affidavit states that the Rices are parents of A.R., J.R., and B.R., and that Brent Rice filed the petition on behalf of the three children. (*Id.* at 1, 3.) The affidavit indicates that the Rices married in 1988 and dissolved their marriage in 2006. (*Id.* at 1.) All three children reside with Brent Rice. (*Id.* at 3.)

The affidavit states that Caroline Rice "has repeatedly ignored no contact orders from both Hennepin Family Court and Carver County Child Protection." (*Id.* at 3.) For example, she took A.R. "from foster care in direct violation of the existing no contact order from Carver [County] Child Protection," and she "was found in [Brent Rice's] home without permission." (*Id.*)

Brent Rice's petition seeks an Ex Parte Order for Protection directing Caroline Rice to have no contact with Brent Rice or the three children and excluding her from Brent Rice's home and workplace, from the school that one or more of the children attend, and from the children's extracurricular activities. (*Id.* at 5.) The petition also requests that the Court direct local law enforcement officials to enforce the order for protection as well as other existing no-contact orders. (*Id.* at 6.)

On May 7, 2010, Caroline Rice filed a notice of removal to this Court. (Notice of Removal, Docket No. 1.) Along with the Notice of Removal, Caroline Rice filed a "Notice of Pre-Emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel*." (Docket No. 3.) This document asserts that the Court has "federal jurisdiction under 28 U.S.C. § 1443." (*Id.* at 1.) Caroline

Rice states that she is white and she concedes that "there is no racial discrimination component in this case," but she argues that § 1443 nonetheless provides a basis for jurisdiction because the underlying petition implicates "her freedoms of association with her own children." (*Id.* at 2-4.)

## ANALYSIS

The Court has examined the notice of removal and finds that "it clearly appears on the face of the notice and [the] exhibits annexed thereto that removal should not be permitted," and therefore the Court summarily remands the case to state court. 28 U.S.C. § 1446(c)(4). The Court notes several flaws with the notice of removal. First, the notice of removal does not contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Second, it does not include "a copy of all process, pleadings, and orders served upon" Caroline Rice. *Id.* It includes Brent Rice's affidavit and petition for order for protection, but it omits the state court orders attached to that petition. Third, the notice of removal suggests that removal was untimely. *See* 28 U.S.C. § 1446(b).

Even assuming that Caroline Rice had complied with the procedural requirements for removal set forth in § 1446, the Court finds that the petition for order for protection and the notice of removal fail to establish that the Court has subject matter jurisdiction over the petition. Rice argues that 28 U.S.C. § 1443 provides the jurisdictional basis for removal. Section 1443 states that a defendant may remove from state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right

under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). There are two components to removal jurisdiction under § 1443(1): (1) the right must arise under a federal law providing for equal rights; and (2) the removing party must be unable to enforce that right in state court. *See Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975).

First, the right that Rice asserts is not under "any law providing for . . . equal civil rights." In *Georgia v. Rachel*, the Supreme Court held that this phrase "must be construed to mean any law providing for specific civil rights stated in terms of racial equality." 384 U.S. 780, 792 (1966). As Rice concedes, "there is no racial discrimination component in this case." (Docket No. 3 at 2.) Therefore, § 1443 cannot form the basis for jurisdiction in this case. Rice argues that the petition for order for protection implicates her "natural personal freedoms," including "her freedoms of association with her own children," (*id.* at 4), but the Court in *Rachel* expressly rejected the argument that the language of § 1443(1) encompasses such general rights arising under the First Amendment and the Due Process Clause of the Fourteenth Amendment. The Court explained that "because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands," such rights cannot form a basis for jurisdiction under § 1443. *Rachel*, 384 U.S. at 792. As the Eighth Circuit subsequently explained, "[§] 1443 applies only to denials of specific rights of racial equality and not to the whole

gamut of constitutional rights." *United States ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) (per curiam).

Second, the notice of removal does not "show that [Rice] is denied or cannot enforce [her] right[s] in state court." *See Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997); *see also City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

The Court further finds that 28 U.S.C. § 1331 does not provide an alternative basis for jurisdiction. "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (internal quotation marks omitted). The petition for order for protection does not satisfy either of these requirements. "A federal defense," such as freedom of association or the right to raise one's children, "does not give the defendant the right to remove to federal court." *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 542-43 (8th Cir. 1996).

If, as Caroline Rice contends, the state district court does not respect and enforce her federal rights, she may appeal the state court judgment in the state judicial system and

then may seek direct review in the United States Supreme Court. *See Neal*, 112 F.3d at 355.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The matter is **REMANDED** to the State of Minnesota District Court, First Judicial District, Carver County.

2. Caroline M. Rice's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 21, 2010         ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                              United States District Judge